Terhune *v.* Sibbald.

CHARLES E. TERHUNE et al.

*v.*

ROBERT A. SIBBALD.

1. Creditors who have proven their claims against an assigned estate may maintain a bill to set aside fraudulent sales made by the assignor, and for the removal of the assignee, who was a participant in these fraudulent sales, though their claims are not in judgment.

2. Creditors may maintain an action to set aside fraudulent sales of an assignor, without any demand on the assignee to bring such suit, when he is a party to the fraud.

3. In a suit to set aside a conveyance alleged to be fraudulent, the grantee is a necessary party.

4. Where the orphans court could grant only a portion of the relief prayed for in a bill in equity against an assignee in insolvency, the court of chancery will retain the bill for all purposes.

On demurrer.

*Mr. Clarence Kelsey,* for the complainants.

*Mr. Reuben M. Hart,* for the defendant.

PITNEY, V. C.

The bill is filed by eight creditors of William Havens against Robert Sibbald, to whom Havens has assigned all his property for the equal benefit of his creditors. All of the complainants but the first, Terhune, have proven their claims against the

estate. Three are admitted to be creditors by the schedule annexed to the deed of assignment.

Under the rule enunciated by the chancellor in *Lee* v. *Cole, 17 Stew. Eq. 319,* and which the court of appeals did not disapprove in reversing the decree in that cause on appeal, and which was finally expressly adopted by that court ·in *Kalmus* v. *Ballin, 7 Dick. Ch. Rep. 290,* all of the complainants except Terhune have a standing in this court for the purpose of this bill, although none have obtained judgments on their claims.

The scope and gravamen of the bill are that the assignment in question was part of a scheme gotten up between the debtor and his assignee to so dispose of his property as to defraud his creditors, resembling, in this respect, the case of *White* v. *Davis, 3 Dick. Ch. Rep. 22,* and, on appeal, *4 Dick. Ch. Rep. 567.* The bill contains specific charges of fraud with regard to three pieces of real estate.

The first charges a conveyance of real estate by one Reddick, at the request of, and for a consideration paid by, the debtor to a Mrs. Groll, the sister of the debtor. That conveyance was made on the 20th of April, 1896, one month before the assignment by the debtor to the defendant Sibbald. The charge is that Mrs. Groll holds that property in trust for her brother.

The next charge is that on the 11th of March, 1896, the debtor Havens, without consideration, conveyed to his sister, Mrs. Groll, two other lots of land, and that on the 28th of April, 1896, three weeks before the assignment, Mrs. Groll conveyed the premises to Sibbald, the defendant, and that such conveyance was made without consideration; and that on the 9th of May, Sibbald entered into an agreement to sell to one Beers a part of the premises so conveyed to him, and that on the 29th of August, 1896, he conveyed that part of the premises to Beers and received therefor $650·in cash, which he claims the right to retain as his own, as well as the part of the land still retained by him.

The third charge is that among the assets which passed to the assignee by the conveyance was a house and lot which was ·appraised at $750, and which was worth $2,000; and that Sibbald

Terhune *v.* Sibbald.

applied by petition to the orphans court for an order to sell the same to one Bernard at private sale for a consideration of $225 in cash and the assumption by Bernard of a mortgage on the property of $500, and stated under oath in his petition that the price offered by Bernard was the full value of the land and premises and the best price that could be obtained for the same, and that upon that application the orphans court made an order to sell and convey to Bernard at that price; and Sibbald did, on the 2d of July, convey the premises to Bernard, but that the representations as to value in the petition were false, to the knowledge of Sibbald, and that the conveyance was made for the purpose of defrauding the creditors of Havens, the debtor; that Bernard was not a *bona fide* purchaser, but knew the land was sold to him for a fraudulent purpose, and that shortly afterwards Sibbald, acting as the agent for the said Bernard, procured one Berry to purchase the said property from the said Bernard by deed dated August 13th, 1896, for the consideration of $1,000 in cash over and above the mortgage, being an advance of $750 over the price paid by Bernard.

· No person is made defendant besides Sibbald, and the prayer is that he may be removed and a fit and proper person appointed in his place to execute the trust, and that the land conveyed to Mrs. Groll and still held by her, the money received from Beers from a sale of part of the premises conveyed to Sibbald by Mrs. Groll, and the land so conveyed still retained by Sibbald, may be decreed to be held in trust by Sibbald for use of the creditors, and that Sibbald may be decreed and compelled to transfer and deliver and pay to a new trustee all the real and personal property held by him in trust. It further prays an accounting against Sibbald and for other relief. ·

· The bill does not allege that the complainants have asked Sibbald to sue and recover the real estate standing in the name of Mrs. Groll, but I think the circumstances and other allegations of the bill excuse him for not so doing. Taking the allegations of the bill to be true, as we must for present purposes, it would, manifestly, be idle to ask defendant to bring suit to reach those assets.

With regard to the land alleged to be held in trust by Mrs. Groll, it is sufficient to say that she has not been made a party, and in her absence no decree could be made as to that land. The demurrer for want of parties is well taken as to this part of the bill.

With regard to the land charged to be held by Sibbald himself, I think the bill will lie, and as to that part of the bill the demurrer fails.

With regard to the money received by Sibbald from part of the land sold by him to Beers, if that feature stood by itself, the proper remedy would be in the orphans court. The same may be said of the allegation as to the advance in price on the sale from Bernard to Berry. The orphans court would have jurisdiction to compel the assignee to account for that; that this court would not, in an ordinary case, assume jurisdiction which could be as well administered in the orphans court. Such a case was *Hoagland* v. *See, 13 Stew. Eq. 469.*

But the bill in hand more nearly resembles that in *White* v. *Davis*, above cited, and the case disclosed by the bill will justify the court in removing the assignee and appointing a new trustee in his place. This aspect of the affair, together with the charge of fraud as to real estate, justifies this court in retaining the bill for all purposes.

The power and duty of the court to entertain a bill of this kind, in order to assist the present or future trustee in reaching the assets of the estate, was fully established by the cases just cited, *White* v. *Davis* and *Kalmus* v. *Ballin.*

The demurrer will be sustained as to the complainant Terhune and overruled as to the other complainants, without costs, and defendant to have liberty to answer. Liberty is also given to the complainants to amend their bill by making Mrs. Groll and the judgment debtor, Havens, and such other parties as they may be advised, parties defendants.